1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   WILLIAM C. TERRY,                        No. C-07-4163 MMC

12              Plaintiff,                     **ORDER GRANTING IN PART AND**
         v.                                    **DENYING IN PART DEFENDANT'S**
13                                             **MOTION FOR SUMMARY JUDGMENT,**
     ABIGAIL WOJCIK,                           **OR IN THE ALTERNATIVE, SUMMARY**
14                                             **ADJUDICATION**
              Defendant
15   _____/

16

17          Before the Court is defendant's Motion for Summary Judgment or, in the Alternative,

18   Summary Adjudication, filed December 20, 2007.  Plaintiff has filed opposition, to which

19   defendant has replied.  Having considered the papers filed in support of and in opposition

20   to the motion, the Court finds the matter appropriate for resolution without oral argument,

21   see Civil L.R. 7-1(b), and rules as follows.

22          In his complaint, plaintiff alleges two causes of action: libel and intentional

23   interference with contractual relations.  Plaintiff's libel claim is based on a total of seven

24   statements contained in two e-mails sent by defendant on, respectively, December 29,

25   2006 and December 31, 2006, to plaintiff's business partners.  (See First Amended

26   Complaint ("FAC") ¶ 9, Exs. A, B.)  In the instant motion, defendant argues, inter alia, that

27   all of such statements constitute opinions, and, as such, are not actionable.  See Jensen v.

28   Hewlett-Packard Co., 14 Cal.App.4th 958, 970 (1993) (holding "statement of opinion cannot

*United States District Court*
For the Northern District of California

1    be false and is outside the meaning of libel") (internal quotation and citation omitted).

2        "The critical determination of whether the allegedly defamatory statement constitutes

3    fact or opinion is a question of law." Gregory v. McDonnell Douglas Corp., 17 Cal.3d 596,

4    601 (1976).  If, however, "the court concludes the statement could reasonably be construed

5    as either fact or opinion, the issue should be resolved by a jury." Campanelli v. Regents of

6    University of California, 44 Cal.App.4th 572, 578 (1996).  In considering whether a

7    statement is actionable, "the dispositive question is whether a reasonable fact finder could

8    conclude the published statement declares or implies a provably false assertion of fact,"

9    see Franklin v. Dynamic Details, Inc., 116 Cal.App.4th 375, 385 (2004) (citing Milkovich v.

10   Lorain Journal Co., 497 US. 1, 19 (1990)).

11       Here, the Court finds the second, third, fifth, and sixth statements, as a matter of

12   law, constitute statements of opinion.[1]  The second statement is expressly identified as

13   "opinion," (see FAC Ex. A), and contains an express supposition, (see id. ("Bill . . . is

14   probably")); see, e.g., Campanelli, 44 Cal.App.4th at 578 (finding "[s]tatements cautiously

15   phrased in terms of apparency are more likely to be opinions").  Indeed, plaintiff concedes

16   the second statement constitutes opinion and that he cannot rely on it to support his libel

17   claim.  (See Opp'n at 4:2-5, 8:27-9:4.)  Because the third statement is clearly dependent

18   upon and inextricably intertwined with the second statement, and makes no declarative

19   assertion of fact, such statement likewise constitutes opinion.  The fifth statement begins,

20   "It appears from the [above] timeline of events . . . ." (See FAC Ex. B.)  Because defendant

21   disclosed the facts on which her conclusion was based, which facts are not disputed by

22   plaintiff, and because defendant did not imply the existence of other facts supporting such

23   conclusion, the fifth statement constitutes nonactionable opinion.  See, e.g., Franklin, 116

24   Cal.App.4th at 378 (holding e-mails not actionable as libel where e-mails expressed

25   opinions and "fully disclosed provably true facts on which the opinions were based").

---

27        [1] Defendant identifies the statements by number, based on the order in which they
28   appear in the e-mails, the first four being contained in the December 29, 2006 e-mail and
     the remaining three in the December 31, 2006 e-mail.

1    Although the sixth statement is a separate sentence, it is clear that the fifth statement's

2    prefatory phrase is intended to modify the sixth statement as well and that the opinion

3    expressed therein constitutes a continuation of the opinion begun in the fifth statement; as

4    such, the sixth statement likewise is not actionable.

5           Contrary to defendant's argument, however, the remaining statements, specifically,

6    the first, fourth,[2] and seventh statements, do not constitute protected opinion.  The first

7    statement is a declarative statement of fact, the basis of which is not disclosed in any

8    manner.  The fourth statement essentially accuses plaintiff of "embezzlement."  (See FAC

9    Ex. A.)  Although that language could reasonably be read as an opinion based on the facts

10   set forth earlier in the e-mail, it could also be reasonably read as being based on different

11   or additional undisclosed facts; moreover, as set forth below, there is a triable issue as to

12   the truth of one of the facts on which it arguably is based, specifically, the first statement.

13   The seventh statement similarly accuses plaintiff of "embezzlement," and the basis of such

14   accusation is not limited to the "one example" referenced therein.  (See id. Ex. B); see also

15   Franklin, 116 Cal.App.4th at 386-87 (holding statement based on implied, undisclosed facts

16   is actionable).

17          Further, to the extent defendant asserts truth as a defense, plaintiff has raised triable

18   issues of fact as to the truth of the first, fourth, and seventh statements.  (See, e.g., Decl. of

19   William C. Terry in Resp. to Mot. for Summary J. ("Terry Decl.") ¶¶ 1, 6 (stating plaintiff

20   "operated honestly and fairly"; stating plaintiff did not "knowingly" charge excessive

21   management fees)).[3]  Additionally, to the extent defendant relies on California Civil Code

22   § 47(c), defendant fails to show any of the subject statements is privileged, in that a

23   _____

24      [2] The fourth statement consists of three separate sentences.  There is no assertion
     in plaintiff's opposition that the first two sentences are untrue.  Accordingly, the Court's
25   references herein to the "fourth" statement are to the third sentence only.

26      [3] Although it appears undisputed that the management fees charged by plaintiff were
     "not in accordance with the management agreement," (see FAC Ex. A); Terry Decl. ¶ 6
27   (stating "it is true that we charged the fee at a flat rate"), defendant's use of word
     "excessive," along with her reference to "embezzlement" and "a police report," (see FAC
28   Ex. A), is sufficient to raise a triable issue with respect to whether the first statement
     impliedly includes an assertion of knowing malfeasance.

reasonable trier of fact could, based on the timing of defendant's statements and her

termination by plaintiff, infer defendant made such statements with malice.  See Noel v.

River Hills Wilsons, Inc., 113 Cal.App.4th 1363, 1368 (holding § 47(c) privilege does not

arise if malice is shown).

Because plaintiff's claim of intentional interference with contractual relations is based

on defendant's assertedly libelous statements, a triable issue of fact exists with respect to

such cause of action as well.  Although defendant disputes the existence of a contractual

relationship, plaintiff has submitted evidence sufficient to raise a triable issue of fact in that

regard.  (See, e.g., Terry Decl. ¶ 5 (stating plaintiff had been "operating SLICO for many

years").)  Lastly, in light of defendant's termination prior to the dates on which the relevant

statements were made, a triable issue exists as to whether defendant is immune from

individual liability.  See Sheppard v. Freeman, 67 Cal.App.4th 339, 349 (1998) (holding, in

absence of statute providing for such liability, "employees" cannot be held individually liable

based on conduct relating to personnel actions).

Accordingly, defendant's motion for summary judgment is hereby DENIED;

defendant's motion for summary adjudication is hereby GRANTED in part and DENIED in

part as follows:

1.  To the extent plaintiff bases his claims on the second, third, fifth, and sixth

statements, and the first two sentences of the fourth statement, the motion is granted.

2.  In all other respects, the motion is denied.

**IT IS SO ORDERED.**

Dated: March 28, 2008

MAXINE M. CHESNEY
United States District Judge